## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAJAH EDMUNDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KLARNA, INC.,<br><br>Defendant. | Case No.: 3:21-cv-00758-KAD<br><br><br><br><br><br>March 8, 2022 |

### JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT[1]

Date Complaint Filed: June 2, 2021, *see* Dkt. 1.

Date Complaint Served: Waiver of service filed June 29, 2022, *see* Dkt. 7.

Date of Defendant's Appearance: Appearances entered July 30, 2022, *see* Dkt. 8-12.

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and District of Connecticut Local Civil Rule 16, the parties held various telephonic and e-mail conferences between March 3-8, 2022, and respectfully jointly submit the below conference report.

### I. Certification

The undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case-management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II. Jurisdiction

#### A. Subject Matter Jurisdiction

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and

---

[1] Defendant Klarna, Inc. submits this Joint Report while expressly preserving and not waiving its position that this case belongs in arbitration under Klarna' Service Terms.

costs, and is a putative class action in which at least one member of the class is a citizen of a different State than Defendant.

### B. Personal Jurisdiction

No party contests personal jurisdiction.

## III. Brief Description of Case

The parties jointly state that this litigation is in its earliest stages, and thus their respective investigation into the underlying relevant facts are ongoing. The parties submit this report without prejudice to their ability to supplement, revise, and amend the basis for their respective claims and defenses as they obtain additional information.

### A. Plaintiff's Claims

Plaintiff challenges Klarna's practice of misrepresenting to consumers the real and repeated risk of incurring multiple insufficient funds fees ("NSF fees") or overdraft fees ("OD fees") on their linked checking accounts by using Defendant's "buy now, pay later" service. Klarna publicly touts its service as a "no catch" way to avoid paying in full for online purchases and instead, allows consumers to pay off a purchase over the course of a few months with no hidden fees or interest. However, using Defendant's service places consumers at a heightened risk of incurring a huge amount of "interest" in the form of massive NSF and OD fees assessed by their banks. Defendant never once warns its users in its marketing materials of the devastating risk of incurring crippling bank fees as a result of using the Klarna service. As a result of Defendant's deceptive business practice, Plaintiff brings a putative class action alleging violations of fraud and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110b on behalf of herself and a nationwide class of consumers who similarly used the Klarna Service and incurred an overdraft or NSF Fee as a result of a Klarna repayment deduction.

### B. Klarna's Defenses

Klarna maintains that Plaintiff is obligated to arbitrate her claims under the plain language of Klarna's Service Terms, to which she agreed when she used Klarna's services. All agree that Plaintiff's claims fall within the scope of the broad agreement to arbitrate "any and all disputes or claims, including without limitation … state … statutory claims" and "common law claims," and to do so on an individual basis. This Court held, however, that Plaintiff is not obligated to arbitrate based on the Court's conclusion that Plaintiff had no notice that by using Klarna she was agreeing to its Terms. *See* Dkt. 31. Klarna respectfully disagrees and will soon be filing a notice of appeal and motion to stay discovery pending resolution of that appeal.

Regardless of forum, Plaintiff's common-law fraud and Connecticut Uniform Trade Practices Act ("CUTPA") claims lack merit. She asserts that Klarna falsely promises users that they can pay for purchases later with no interest or fees, and complains about overdraft fees charged by her third-party financial institution. But Plaintiff's claims either depend on allegedly misleading statements by Klarna that are, in fact, not at all misleading, or on alleged omissions in circumstances where Klarna had no duty to disclose. A reasonable consumer would understand Klarna's advertising to mean that Klarna did not intend to charge users any interest—which it

did not—*not* that third-party banks over which Klarna exercises no control also would not charge any interest or fees that may be owed under the specific terms of each user's agreement with his or her individual bank. Plaintiff's complaints are therefore actually about fees assessed by her bank, not by Klarna. *See* Compl. ¶ 27 (admitting that the fees were "not assessed by Klarna"). Indeed, Plaintiff does not allege that Klarna violated any agreement with her or charged her any interest or fees. *See generally* Compl. As a result of these infirmities, Plaintiff cannot prove either her common-law fraud[2] or her CUTPA claim. *See, e.g.*, *Stevenson Lumber Co.-Suffield, Inc. v. Chase Assocs., Inc.*, 932 A.2d 401, 407 (Conn. 2007) (reversing finding of CUTPA violation because practice was not proximate cause of plaintiff's injury); *Lane v. Reibel*, 1997 WL 403226, at *2-3 (Conn. Super. Ct. July 9, 1997) (dismissing claim for fraud that was "devoid of any allegation of proximate cause").

### IV. Statement of Undisputed Facts

The undersigned counsel certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. At this early stage of the litigation, the parties state that the following material facts are undisputed:

- Plaintiff used Klarna's Pay in 4 payment option various times over the years to make a number of purchases.

### V. Case Management Plan

#### A. Initial Disclosures

**Plaintiff's Position**

Plaintiff intends to oppose Klarna's forthcoming motion to stay discovery. Plaintiff proposes that initial disclosures be exchanged on or before March 21, 2022.

**Klarna's Position**

Initial disclosures should be stayed until after resolution of Klarna's forthcoming motion to stay discovery pending appeal. *See infra* Section V.E. If this Court denies Klarna's motion to

---

[2] the elements of common-law fraud are the same under Connecticut and Ohio law. *Compare Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083 (Ohio 1991) (common-law fraud requires "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance") *and Nazami v. Patrons Mut. Ins. Co.*, A.2d 209, 214-15 (Conn. 2006) (common-law fraud requires plaintiff to show that "(1) a false representation was made [by the defendant] as a statement of fact; (2) the statement was untrue and known to be so by [the defendant]; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment"). Klarna reserves the right to argue at the appropriate stage of the case that Ohio law applies, because the Klarna Service Terms provide that "the laws of the State of Ohio, without regard to principles of conflict of laws, will govern these Terms and any claim or dispute that has arisen or may arise between [the customer] and Klarna."

stay discovery, initial disclosures should be served within 14 days of that denial.  *See* Fed. R. Civ. P. 26(a)(1)(C).

### B.  Scheduling Conference

The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**Klarna's Position**

Klarna respectfully requests that the Court schedule a pretrial conference only if one is necessary after Klarna's motion to stay discovery pending appeal is decided.

### C.  Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time in view of Klarna's forthcoming appeal of the Court's denial of Klarna's motion to compel arbitration.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a special master or private mediator selected by the parties.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.  Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

**Plaintiff's Position**

Plaintiff requests that the deadline to amend pleadings be 120 days after Klarna answers the Complaint.

**Klarna's Position**

Klarna respectfully proposes that the Court adjourn Klarna's current April 1, 2022 deadline to Answer the Complaint in view of Klarna's forthcoming motion to stay discovery pending appeal.  Klarna further proposes that the Court order the parties to file any motions to amend pleadings within 120 days after Klarna serves its Answer to the Complaint.  Any motion after that date would require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E.  Discovery

**Plaintiff's Position**

Plaintiff intends to oppose Klarna's forthcoming motion to stay discovery. Further, Plaintiff will oppose any request for bifurcation, which causes needless disputes regarding which discovery belongs in which phase.

Deadline for Plaintiff to disclose experts related to class certification: August 8, 2022

Deadline for Defendant to disclose experts related to class certification: September 8, 2022

Deadline to file motion for class certification: October 8, 2022

Fact discovery deadline: December 8, 2022

Deadline to disclose merits experts: November 8, 2022

Deadline for expert discovery: January 8, 2023

Dispositive motion deadline: January 22, 2023

**Klarna's Position**

Klarna will appeal this Court's denial of its motion to compel arbitration, and promptly seek a stay of discovery pending appeal. Klarna therefore respectfully requests that the Court not set a schedule for discovery, motions, or trial until after the appeal is resolved. At the very least, no schedule should be set until after the Court rules on Klarna's forthcoming stay motion.

Klarna respectfully maintains that this Court's ruling on the motion to compel arbitration cannot be reconciled with Second Circuit precedent—and even this Court noted that the case "presents a close question," Dkt. 31. The Second Circuit has held that a reasonable person would be on inquiry notice of terms in circumstances materially indistinguishable from the interfaces at issue here. *See, e.g.*, *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73–74 (2d Cir. 2017). And courts in this Circuit regularly stay discovery in cases pending an appeal of a denial of a motion to compel arbitration, recognizing that the FAA, "[b]y authorizing an interlocutory appeal from a denial of arbitration … evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016); *accord Zachman v. Hudson Valley Fed. Credit Union*, No. 20 CV 1579 (VB), 2021 WL 1873235, at *2 (S.D.N.Y. May 10, 2021); *Starke v. SquareTrade, Inc.*, 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017); *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012). Even if discovery proceeds only while the stay motion and appeal are pending, Klarna would be irreparably harmed by losing all the benefits of confidentiality, speed, and efficiency that arbitration affords. *See, e.g., Starke*, WL 11504834, at *2 (noting that "if the court were to deny a stay, Defendant would be forced to litigate in court an action that it contends is subject to arbitration, thus depriving it of the favorable procedures available to it in arbitration").

If this Court were to nevertheless deny Klarna's motion for a stay pending appeal (or order that discovery proceed before that motion is even decided), Klarna is in general agreement with Plaintiff's proposed timing for discovery, except that Klarna seeks to meet and confer

further with Plaintiff about a bifurcated approach to this putative class action, with the parties first focusing on discovery and dispositive motion practice for Plaintiff's individual claims. *See, e.g., Mulligan v. Long Island Univ.*, No. 18-CV-2885, 2018 WL 8014320, at *1 (E.D.N.Y. Dec. 13, 2018) ("Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown."); *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1127 (2d Cir. 1994) (noting that district court had stayed discovery in class action pending decision on motion to dismiss). Plaintiff did not provide Klarna with her proposed discovery schedule until March 8, and further efforts to meet and confer around this topic may be productive. In the event the parties are not able to reach agreement and Klarna were to determine a bifurcated approach is warranted here, Klara would file a motion for bifurcated discovery within 10 days of the court's ruling on Klarna's forthcoming stay motion—or, if the court were to issue an order for discovery to proceed before that stay motion is decided, Klarna would file a motion for bifurcated discovery within 10 days of that order.

### F.   Electronically Stored Information

The undersigned counsel are reviewing with their clients a proposed process for the disclosure and preservation of electronically stored information, including but not limited to the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Undersigned counsel are reviewing with their clients the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

**Plaintiff's Position**

In Plaintiff's position, the Parties should be ordered to submit a proposed ESI Protocol within 30 days.

**Klarna's Position**

Klarna's position is that the Court should order the parties to submit a proposed order governing the production of electronically stored information within 14 days of (i) any denial of Klarna's forthcoming motion to stay discovery pending appeal, or (ii) the return of the mandate from the appellate court following any affirmance of this Court's ruling on Klarna's motion to compel arbitration—whichever is later.

### G.   Protective Order and Clawback Agreement

The undersigned counsel are discussing discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

**Plaintiff's Position**

In Plaintiff's position, the Parties should be ordered to submit a proposed protective order within 30 days.

**Klarna's Position**

Klarna's position is that the parties should agree to submit a proposed Protective Order and Clawback Agreement within 14 days of (i) any denial of Klarna's forthcoming motion to stay discovery pending appeal, or (ii) the return of the mandate from the appellate court following any affirmance of this Court's ruling on Klarna's motion to compel arbitration—whichever is later.

### H.     Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before 45 days after the close of fact and expert discovery. If this Court were to adopt a bifurcated discovery schedule, then, Klarna would file a motion for summary judgment as to Plaintiff's individual claims within 45 days of the close of individual discovery, and would file a motion for summary judgment as to class-specific issues, if necessary, within 45 days of the close of class discovery.

## VI.    TRIAL READINESS

The parties agree to meet and confer, and to report to the Court within 20 days of the deadline for summary-judgment motions regarding a proposed schedule for the joint trial memorandum and trial readiness.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By /s/ Sophia Gold                              Date: 3/8/2022


Defendant

By /s/ Leah Godesky                          Date: 3/8/2022


The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff_____          Date: _____


Defendant_____          Date: _____

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, the foregoing Rule 26(f) report was filed electronically and was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent electronically to all registered e-filers in this case by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Leah Godesky*
Leah Godesky
*Attorney for Defendant Klarna, Inc.*