**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NAJAH EDMUNDSON, | ) | 3:21-CV-00758 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KLARNA, INC., | ) | |
| *Defendant*. | ) | May 6, 2022 |

## RULING AND ORDER ON DEFENDANT'S MOTION TO STAY

Sarala V. Nagala, United States District Judge.

In this putative class action, Plaintiff Najah Edmundson alleges that Defendant Klarna, Inc. deceived customers into using its services by claiming to provide the ability to purchase items through delayed payments taken from a customer's bank account over time, with the promise that there would be no interest or other fees. Plaintiff alleges that once the customers used the service, however, Defendant allowed financial institutions to overdraw its customers' bank accounts, leading to substantial fees being assessed by the banks, in direct contravention of the promises made by Klarna. Plaintiff brings causes of action for common law fraud and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") on behalf of herself and all those similarly situated.

On August 16, 2021, Defendant filed a motion to compel arbitration and stay proceedings. ECF No. 20. The Court heard oral argument on the motion and issued an order denying the motion on February 15, 2022. ECF No. 31. Following this decision, Defendant filed a notice of appeal of the decision pursuant to 9 U.S.C. § 16. ECF No. 34. Defendant then filed the present motion to stay all proceedings pending determination of its appeal. ECF No. 36 (the "Motion"). Plaintiff opposes the Motion. After considering the parties' arguments, the Court agrees with Defendant and GRANTS a stay of all proceedings in this matter pending a decision from the Second Circuit

regarding Defendant's appeal.

## I.   LEGAL STANDARD

In the Second Circuit, district courts have discretion whether to grant a stay of the underlying litigation while a party appeals the denial of a motion to compel arbitration. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004). The Court's discretion, however, is not unfettered. In exercising it, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two factors of the examination are the most important, *id.*, but, in considering all of the factors, "more of one factor excuses less of" another. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

In order to show a likelihood of success on the merits, it is not enough for the movant to show that the chance of success on the merits is only "better than negligible." *Nken*, 556 U.S. at 434. The movant can, however, demonstrate a likelihood of success by showing that there are "serious questions going to the merits" of the dispute and that the "balance of hardships tips decidedly" in the movant's favor. *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).[1] The "serious questions" standard is particularly appropriate when a district court is asked to stay its own order because, when a court has already determined that the movant failed to succeed on the merits, it would be unlikely to find "that its

---

[1] While *Citigroup* specifically concerned a request for a preliminary injunction, rather than a stay, the Supreme Court has recognized that there is "substantial overlap" between the factors for a preliminary injunction and a stay pending appeal. *See Nken*, 556 U.S. at 434. Thus, the "serious questions" test is regularly used in this circuit when examining requests for a stay pending appeal. *See, e.g., WEX Health, Inc. v. Basic Benefits, LLC,* No. 3:20-cv-1653 (JAM), 2022 WL 819558, at *1 (D. Conn. Mar. 17, 2022); *Starke v. SquareTrade, Inc.*, No. 16-CV-7036 (NGG) (SJB), 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017); *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014).

own order is likely to be reversed." *In re A2P SMS Antitrust Litig.*, 2014 WL 4247744 at \*2.

Nonetheless, because the movant must also show that the balance of hardships tips decidedly in

its favor, "its overall burden is no lighter than the one it bears under the 'likelihood of success'

standard." *Citigroup*, 598 F.3d at 35.

## II. DISCUSSION

The Court finds that a stay of proceedings is warranted here.

First, the Court acknowledges that there are serious questions going to the merits of

Defendant's appeal, weighing in favor of a stay.  The Court remains confident in its initial decision

and will not reexamine the merits here.  But the Court continues to acknowledge that the motion

to compel arbitration presented a close question.  The interfaces at issue in this case fall between

the extremes of those the Second Circuit has examined to date, and it is possible that the Second

Circuit may disagree with the Court's conclusion that those interfaces did not put Plaintiff on

inquiry notice of the terms of the arbitration agreement.

In recognizing that there are serious questions as to the merits of the present dispute,

however, the Court feels compelled to correct one statement in Defendant's brief that it believes

to be a mischaracterization of the initial decision.  Contrary to Defendant's assertion, it was not a

"determinative" fact that the hyperlinks at issue were not in blue, nor does the Court's decision

state it was.  Motion, ECF No. 36-1 at 8.  The Court appropriately considered the color of the

hyperlinks, among many other factors, to determine whether a reasonable internet user would be

on inquiry notice of the terms in the agreements that were hyperlinked.  *See* ECF No. 31 at 14-15.

Notwithstanding this clarification, because there are serious questions regarding the merits of

Plaintiff's appeal, the first factor weighs in favor of granting the motion for a stay.

The second factor, which requires the Court to examine whether the movant will be

irreparably injured absent the granting of a stay, also weighs in favor of staying the action.

Initially, the Court notes that, by granting an aggrieved party the right to file an interlocutory appeal

from a court's denial of a motion to compel arbitration, *see* 9 U.S.C. § 16(a)(1)(B), Congress has

implicitly determined that the harm from wrongfully denying a motion to compel arbitration

cannot adequately be remedied through appeal at the conclusion of the case.  *See Meyer v.*

*Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016); *Starke*, 2017 WL 11504834 at *2.  The

statutory scheme thus suggests that irreparable harm would result if the Court denied a stay.

Additionally, the benefits of arbitration include faster and cheaper resolution of disputes.  *Stolt-*

*Nielson, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010).  As the Seventh Circuit has

noted, these benefits could be "eroded," if not lost, if parties were required to proceed in "both

judicial and arbitral forums, or do to this sequentially."  *Bradford-Scott Data Corp., Inc. v.*

*Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); *see also Starke*, 2017 WL

11504834 at *2 (noting that denial of a stay would require the defendant to litigate "in court an

action that it contends is subject to arbitration, thus depriving it of the favorable procedures

available to it in arbitration").

Perhaps most importantly in the present action, the arbitration agreement that Defendant

seeks to enforce against Plaintiff limits the ability of Plaintiff to bring a class action.  Plaintiff's

proposed schedule, however, focuses first on discovery and motion practice related to class

certification.  Rule 26(f) Report, ECF No. 32 at 5.  If Defendant prevails on its appeal and the case

proceeds to arbitration, such discovery will likely never take place.  Thus, Plaintiff's argument that

discovery is inevitable goes only so far.  Absent a stay, Defendant faces the prospect of irreparable

injury in that it will be forced to expend the costs of proceeding with class discovery to which it

contends it should never be subjected.  *See Zachman v. Hudson Valley Fed. Credit Union*, No. 20

CV 1579 (VB), 2021 WL 1873235, at *2 (S.D.N.Y. May 10, 2021) (recognizing that defendants

in a putative class action face a particularly high risk of irreparable harm absent a stay pending

appeal of the denial of a motion to compel arbitration).  For all of these reasons, the second factor

weighs in favor of granting the motion for a stay.

The third factor, whether Plaintiff would be substantially injured by a stay, also favors a

stay.  Any monetary injury to Plaintiff would be fully compensable, should Plaintiff ultimately

prevail.  While it is true that Plaintiff's resolution of the pending case will be delayed if the Court

grants a stay, Plaintiff does not claim that she is still using Klarna, and any delay in recovery can

be recouped through interest at the conclusion of the case. *See Sutherland v. Ernst & Young LLP*,

856 F. Supp. 2d 638, 643 (S.D.N.Y. 2012).[2]  Plaintiff's further argument that a delay in resolution

of the case increases the potential for evidence to be lost is similarly unconvincing.  Litigation has

already commenced and both parties must preserve all relevant evidence; a stay does not change

this.  Finally, while it is possible that memories may fade with the passing of time, the length of

delay due to a stay is unknown, so it is difficult to adequately assess the extent of Plaintiff's

potential harm.  Defendant has made clear that it will work to expedite its appeal to have it decided

as quickly as possible.  ECF No. 38 at 9.

Weighing Defendant's interests in a stay against Plaintiff's interests in allowing the case

to proceed while the appeal is pending, the Court finds that the balance of hardships tips decidedly

in Defendant's favor.  As discussed above, if the Court does not grant the motion for a stay, it is

possible the parties would have to first litigate the dispute and then arbitrate the dispute, which

---

[2] Plaintiff further argues that the putative class is harmed by the granting of a stay, as Defendant will continue its allegedly deceptive conduct, which could potentially affect a large number of people.  But Plaintiff fails to make any argument why any monetary harm would not be compensable after final judgment through compensatory damages plus interest.  Thus, the Court is unpersuaded that such injury is substantial enough to overcome the potential irreparable harm to Defendant that would occur absent a stay.

would defeat the efficiencies to which Defendant is entitled if the arbitration agreement is enforceable. It would also result in Defendant likely having to engage in class discovery that could ultimately be unnecessary.

Finally, the public interest factor weighs in favor of granting a stay. If the Second Circuit decides that the arbitration agreement is enforceable and the case proceeds to arbitration, judicial resources will be conserved by the Court granting a stay. *See Whitaker v. Clear Channel Broadcasting, Inc.*, No. 3:04-cv-2041 (JCH), 2007 WL 9753914, at *1 (D. Conn. July 11, 2007). The Court also recognizes the strong public policy in enforcing arbitration agreements (when such agreements are validly formed) and accepts Defendant's argument that appellate resolution of the viability of an electronic arbitration agreement like the one at issue here serves both consumers and commercial parties.

For the reasons described herein, Klarna's Motion to Stay is GRANTED. The case is stayed effective immediately. The stay will remain in place until the Second Circuit issues a decision in the pending appeal. If the appeal is denied, the stay will be immediately lifted without further action from the Court or the parties.

**SO ORDERED** at Hartford, Connecticut, this 6th day of May, 2022.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE